UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN, | No. 2:21-cv-0903 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN MULE CREEK PRISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On June 14, 2021, plaintiff submitted multiple documents to this court, some of which appear to have been filed in the wrong court. The undersigned addresses such filings below, and then screens plaintiff's complaint, which is dismissed with leave to amend.

I. Request to Proceed In Forma Pauperis

    A. Review of Plaintiff's Request in This Action

Plaintiff filed a motion to proceed in forma pauperis, along with a certified trust account statement, pursuant to 28 U.S.C. § 1915. Such declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis (ECF No. 14) is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

      B. Request Filed in Fresno Case

Plaintiff's motion to proceed in forma pauperis did not provide a case number above the title of the document, as is usually provided in the case caption, and was filed in this action, as required by the court's May 21, 2021 order. However, at the bottom of the form, plaintiff asked the court to note that "this is the same case number as prior civil suit 1:21-cv-0753 SKO (PC), "already paid for." (ECF No. 14 at 1.) Court records confirm that plaintiff's civil rights case, Wren v. Gamboa, 1:21-cv-0753 SKO (PC) (E.D. Cal.), is pending in the Fresno Division of this court, and plaintiff was also ordered to file an application to proceed in forma pauperis in that case.[1] Therefore, the Clerk of the Court is directed to file a copy of plaintiff's June 14, 2021 application (ECF No. 14), without the instant case's banner, in Wren v. Gamboa, 1:21-cv-0753 SKO (PC) (E.D. Cal.).

II. Petition for Writ of Habeas Corpus

Although the instant case is a civil rights case, plaintiff also filed a petition for writ of habeas corpus, but included a case number from a Ninth Circuit appeal, and refers to it as his opening brief. (ECF No. 13.)

      A. Plaintiff's Conviction

In some of plaintiff's filings, plaintiff claims he is serving a death sentence on a traffic violation, and refers to the San Quentin electric chair. (See, e.g., ECF No. 15 at 1.) Thus, to clarify the record, the undersigned sets forth the information concerning plaintiff's underlying

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

conviction. On June 30, 2008, a jury in the Placer County Superior Court found plaintiff guilty of driving under the influence of alcohol and driving with a level of blood alcohol 0.08 percent or greater. Wren v. Yates, No. 2:10-cv-1735 MCE EFB (ECF No. 1); (ECF No. 13 at 40 (copy of California Court of Appeal decision on plaintiff's direct appeal). The trial court sustained allegations that plaintiff had sustained three prior convictions for driving under the influence, that he committed the present offenses while on bail, that he had a prior prison term, and that his two 1991 felony convictions for violating California Penal Code section 288, subdivision (a), were within the meaning of California Penal Code section 667, subdivision (d), subjecting plaintiff to an enhanced sentence under subdivisions (c) and (e) of such statute. No. 2:10-cv-1735 MCE EFB (ECF No. 1); 2:21-cv-0903 KJN P (ECF No. 13 at 40). Plaintiff was sentenced to a state prison term of 27 years to life. No. 2:10-cv-1735 MCE EFB (ECF No. 1); 2:21-cv-0903 KJN P (ECF No. 13 at 50 (abstract of judgment)). The abstract of judgment confirms that plaintiff has not been sentenced to death. (Id.)

B. The Petition

The petition for writ of habeas corpus filed in this action bears the heading "United States District Court Eastern; District Ninth Circuit Court," and reflects Case No. 20-16571. (ECF No. 13.) Court records show that plaintiff filed an appeal in Wren v. Ndoh, No. 2:19-cv-0251 WBS KJN P (E.D. Cal.), which was filed in the Court of Appeals for the Ninth Circuit, Wren v. Ndoh, No. 20-16571 (9th Cir.). Plaintiff refers to the document as his opening brief "to be filed July 26, 2021." (ECF No. 13 at 1.) However, on June 25, 2021, the appellate court affirmed the district's court's decision. No. 20-16571 (ECF No. 114). Moreover, plaintiff appends numerous documents not relevant to the appeal; for example, he includes copies of orders issued in this action as well as Case No. 1:21-cv-0753 SKO (PC), two other civil rights cases that appear to be unrelated to the pending appeal. Review of the Ninth Circuit's docket also confirms that plaintiff is aware of how to file documents in the Ninth Circuit. For all of those reasons, the undersigned will not order the clerk to file this document in the Ninth Circuit. Rather, the Clerk of the Court is directed to return to plaintiff the original filing (ECF No. 13). The court retains the scanned

////

copy of the filing, but disregards it. Any document plaintiff intends to file in his pending appeal should be mailed to the Court of Appeals for the Ninth Circuit.

Plaintiff's Civil Rights Cases

Review of plaintiff's filings reflects that plaintiff is confused as to which cases are currently pending. Plaintiff is advised that he currently has two cases pending in the Eastern District of California:

Wren v. Warden, Mule Creek State Prison, No. 2:21-cv-0903 KJM KJN P (E.D. Cal.) (Sacramento Division) (the instant action).[2] Filings in this action should bear Case No. 2:21-cv-0903 KJM KJN P, and be mailed to the Sacramento Division for filing.

Wren v. Gamboa, No. 1:21-0753 SKO (PC) (E.D. Cal. Fresno Division). Filings for this case should bear Case No. 1:21-0753 SKO (PC), and be mailed to the Fresno Division for filing.

Plaintiff's "Original" Complaint

It is unclear why plaintiff filed a copy of his original complaint in Wren v. Gamboa, No. 1:21-cv-0753 SKO (PC), in this action. However, the complaint form (ECF No. 12 at 1-6) is a duplicate of the complaint plaintiff is pursuing in Gamboa, No. 1:21-cv-0753 SKO (PC). Therefore, the undersigned declines to construe his filing as an amended complaint in this action, and directs the Clerk of the Court to strike the filing.

III. Screening Plaintiff's Complaint

The court turns now to plaintiff's complaint filed on May 18, 2021. (ECF No. 1.)

A. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

---

[2] This action was initially filed in Fresno, No. 1:21-cv-0806 HBK (PC), but was transferred to Sacramento on May 19, 2021. (ECF No. 2.) Plaintiff is advised that case No. 1:21-cv-0806 HBK (PC) is closed and should not be referenced in future filings.

This includes claims based on legal conclusions that are untenable, like claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional.[3]

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

////

---

[3] See Neitzke, 490 U.S. at 327-28; see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

B. Plaintiff's Allegations

In the caption of his complaint, plaintiff names the warden of Mule Creek Prison and the warden of Avenal State Prison. (ECF No. 1 at 1.) However, in the defendants section of the complaint, plaintiff names "unknown," Death Chair Executioner at San Quentin State Prison, two Mule Creek guards whose names are illegible, and Captain Rodgers, also a Mule Creek guard. (ECF No. 1 at 2.)

Plaintiff's first claim, plaintiff marks the boxes excessive force by an officer and threat to safety, and then writes in "Electric Chair 'Death.'" (ECF No. 1 at 3.) Plaintiff claims he was shot by a firearm and taken to San Quentin where he was fed his last meal, taken by force to the electric chair, injected with three syringes, and an electric cap was put on his head. They changed the fuse and threw the switch. Plaintiff was then taken down into a weapon rock crusher to finish his death. Plaintiff then claims that various judges have buried his case, and needs a walk out gate in sunlight. Plaintiff claims he suffered a broken arm, mental anguish, and no medical treatment. (ECF No. 1 at 3.)

In his second claim, plaintiff seeks return of monies owed in the amount of $4,000.00. (ECF No. 1 at 4.)

In claim three, plaintiff again claims excessive force by an officer. (ECF No. 1 at 5.) This claim is not clear, but he appears to allege that at Mule Creek he was taken to a cement box and burnt by nuke, but plaintiff was not burned as badly as White Eagle.

As relief, plaintiff seeks "emergency release out of prison." (ECF No. 1 at 6.)

C. Discussion

1. Second Claim

Plaintiff's second claim is not cognizable in federal court. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. Thus, the court concludes that plaintiff's second claim must be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2).

        2. First and Third Claims

           a. Standards Governing Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate. . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.
////

### b. Standards Governing Failure to Protect Claims

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. See Farmer, 511 U.S. at 832. In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. See id. at 833. To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

### c. Discussion

Plaintiff's first and third claims allege facts that are implausible, fanciful or delusional. To the extent that certain guards at Mule Creek State Prison may have used excessive force on plaintiff and caused plaintiff injuries, plaintiff must specifically identify the individual responsible for the excessive use of force and address each of the elements required under Hudson (plaintiff's extent of injury; the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the defendant, and any efforts defendant made to temper the severity of the forceful response.). Similarly, to the extent plaintiff can identify a defendant who was deliberately indifferent to a substantial risk of harm, plaintiff must establish that such defendant was "deliberately indifferent" to serious threats to plaintiff's safety.

Because plaintiff's factual allegations fail to meet such governing standards, plaintiff's complaint must be dismissed. However, plaintiff is granted leave to amend.

////

### 3. Improper Relief

Release from custody is not an available remedy for an Eighth Amendment violation. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from custody is not an available remedy under the Civil Rights Act"). Rather, habeas is the "exclusive remedy" for inmates who seek "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Therefore, plaintiff's complaint must be dismissed so that plaintiff can identify appropriate relief.

### 4. Improper Joinder

Finally, the claims asserted in the complaint are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

### D. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633

F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The amended complaint must contain a caption that identifies each defendant and bears the case number of this case. Fed. R. Civ. P. 10(a). The individuals identified as defendants in the body of the amended complaint must match those set forth in the caption of the complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[4] See Fed. R. Civ. P. 20(a)(2). Plaintiff is cautioned that his continued violation of court orders may result in the involuntary dismissal of this action. Fed. R. Civ. P. 41(b).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

////

---

[4] As discussed above, a plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George, 507 F.3d at 607. This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to file a copy of plaintiff's application to proceed in forma pauperis (ECF No. 14) in <u>Wren v. Gamboa</u>, 1:21-cv-0753 SKO (PC) (E.D. Cal., Fresno Div.).

4. The Clerk of the Court is directed to return to plaintiff the hard copy of his original petition (ECF No. 13) filed June 14, 2021.

5. The undersigned declines to construe plaintiff's June 14, 2021 complaint as an amended complaint because it is duplicative, and the Clerk of the Court is directed to strike the complaint (ECF No. 12).

6. Plaintiff's complaint (ECF No. 1) is dismissed.

7. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 28, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wren0903.14n

```
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
 9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JEFFREY CHARLES WREN,                  No. 2:21-cv-0903 KJM KJN P
12              Plaintiff,
13         v.                               NOTICE OF AMENDMENT
14   WARDEN, MULE CREEK STATE
     PRISON, et al.,
15
                Defendants.
16
17         Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
19         _____            Amended Complaint bearing
20                                   Case No. 2:21-cv-0903 KJM KJN P
21   DATED:
22
                                     _____
23                                   Plaintiff
24
25
26
27
28
                                              1
```