UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN MULE CREEK PRISON, et al.,<br><br>Defendants. | No. 2:21-cv-0903 KJM KJN P<br><br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the action in the Fresno Division of this court; on May 19, 2021, the action was transferred to the undersigned. On July 1, 2021, plaintiff's amended complaint was dismissed and he was granted leave to file an amended complaint. On July 2, 2021, plaintiff filed an amended complaint, and on July 13, 2021, plaintiff filed a motion to amend.

Plaintiff's July 2, 2021 amended complaint includes the same factual allegations found implausible in the prior screening orders. (ECF Nos. 19 at 8; 24 at 2-3.) He also again includes his claim seeking the return of monies, despite the court's prior admonition that plaintiff may not seek return of property through a federal civil rights action. (ECF No. 19 at 6-7.) Plaintiff includes no additional facts that support a cognizable civil rights claim. Finally, plaintiff again seeks relief he cannot obtain through a civil rights action: release from prison. Plaintiff may only obtain release from prison through a petition for writ of habeas corpus under 28 U.S.C. § 2254.

1

(ECF No. 19 at 9.)  For all of these reasons, plaintiff's July 2, 2021 amended complaint must also be dismissed.

In his motion to amend, plaintiff repeats his desire to get out of prison, and the court is not unsympathetic to plaintiff's plight.  However, such relief is not available through this civil rights action.  Rather, this case was opened based on plaintiff's claims concerning alleged violations of plaintiff's constitutional rights while housed at Mule Creek State Prison.  In an abundance of caution, plaintiff is granted one final opportunity in which to file an amended complaint that complies with this order, as well as the court's prior screening orders.  However, plaintiff is cautioned that if he fails to comply with such orders, the undersigned will recommend that this action be dismissed based on such failure.  Fed. R. Civ. P. 41(b).

Leave to Amend

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

The amended complaint must contain a caption that identifies each defendant and bears the case number of this case. Fed. R. Civ. P. 10(a). The individuals identified as defendants in the body of the amended complaint must match those set forth in the caption of the complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[1] See Fed. R. Civ. P. 20(a)(2). Plaintiff is cautioned that his continued violation of court orders will result in a recommendation that this case be dismissed. Fed. R. Civ. P. 41(b).

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is required to file his amended complaint using the court's form.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 2, 2021 amended complaint (ECF No. 25) is dismissed with leave to amend.

2. Plaintiff's motion to amend (ECF No. 28) is partially granted.

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the instant order, as well as the June 29, 2021, and July 1, 2021 orders; and with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. Also, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

3

1 | must be labeled "Amended Complaint." The amended complaint must be filed using the court's
2 | form civil rights complaint.
3 |     4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights
4 | complaint.
5 | Dated: July 19, 2021

wren0903.mta2

```
                                    /s/ Kendall J. Newman
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```