UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN, | No. 2:21-cv-0903 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN MULE CREEK PRISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the action in the Fresno Division of this court. On May 19, 2021, the action was transferred to the undersigned. On July 19, 2021, the undersigned granted plaintiff leave to file an amended complaint. (ECF No. 32.) Instead, plaintiff filed multiple documents; and as set forth below, his motions are denied.

I. Motion to Amend

On July 22, 2021, plaintiff filed another motion to amend. (ECF No. 35.) Although the motion is not dated, it is clear that plaintiff did not have the July 19, 2021 order when he prepared such motion. As indicated in the July 19, 2021 order, plaintiff is not required to file a motion to amend. Rather, he must file a proposed amended complaint that is complete in and of itself. Plaintiff's July 22, 2021 motion to amend is denied as unnecessary.

////

1

II. <u>Payment of Filing Fees</u>

Along with his motion to amend, plaintiff filed a document stating he has "already paid." (ECF No. 34.) While not entirely clear, he appears to believe he already paid the court's filing fee in this action because he references the case transferred here from Fresno, 1:21-cv-0806 HBK. However, the court reviewed the docket for the Fresno case, and plaintiff was not assessed the filing fee in that case because the case was transferred here.

Plaintiff was recently ordered to pay the filing fee in this case. (ECF No. 20.) As set forth in such order, even though plaintiff is proceeding in forma pauperis, he is required to pay the court's filing fee in installments from his prison trust account. (<u>Id.</u>) Indeed, every time plaintiff files a civil rights action under 42 U.S.C. § 1983, he is required to pay the court's filing fee, which will be deducted in installments if he is granted leave to proceed in forma pauperis. 28 U.S.C. § 1915. Plaintiff references other cases, but plaintiff must inquire in those cases rather than filing such inquiry in this case.

III. <u>Allegation re Case No. 2:19-cv-0251 WBS KJN P</u>

On July 15, 2021, plaintiff filed a document alleging mistakes were made in plaintiff's prior habeas case, 2:19-cv-0251 WBS KJN P, apparently in connection with a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 29.) However, plaintiff may not challenge in this case court rulings issued in Case No. 2:19-cv-0251 WBS KJN P.[1] To the extent plaintiff seeks relief from rulings therein, plaintiff must file such documents in Case No. 2:19-cv-0251 WBS KJN P.

IV. <u>Request to Reassign</u>

Finally, plaintiff asks the court to dismiss the undersigned from all of plaintiff's cases. (ECF No. 29 at 1.) Other than referring to the ruling on the 60(b) motion issued by the undersigned in plaintiff's prior habeas case, plaintiff provides no other facts to support his request

////

---

[1] Moreover, court records confirm that plaintiff's prior habeas case was dismissed on June 9, 2020, and judgment was entered. Case 2:19-cv-0251 WBS KJN P (ECF No. 132). Plaintiff filed an appeal, and the judgment was affirmed by the appellate court on June 25, 2021. <u>Id.</u> (ECF No. 165).

2

to reassign this case. In an abundance of caution, the court construes plaintiff's request as a motion to recuse the undersigned from the instant case, and denies the motion for the following reasons.

### A. Legal Standards

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source because a judge's previous adverse ruling alone is not sufficient for recusal. See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit

////

is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

B. Discussion

Plaintiff's request is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). The motion alleges bias and "egregious hostile mistreatment" by the undersigned based on the court's adverse rulings against plaintiff as well as how the court has handled plaintiff's case. (ECF No. 80 at 2.)

Plaintiff's objection concerning a ruling on the 60(b) motion in another case is not a proper ground to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Therefore, plaintiff's request to reassign this case, construed as a motion to recuse the undersigned, is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 35) is denied; plaintiff's amended complaint is due thirty days from the July 19, 2021 order granting plaintiff leave to amend; and

////

////

      2.  Plaintiff's request (ECF No. 29), construed as a motion to recuse the undersigned, is denied.

Dated:  July 27, 2021

KENDALL J. NEWMAN<br>
UNITED STATES MAGISTRATE JUDGE

/wren0903.mta3