UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN, | No. 2:21-cv-0903 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN MULE CREEK PRISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. On August 5, 2021, plaintiff filed two motions. As discussed below, plaintiff's motions are denied.

I. Motion for Recusal

Plaintiff states that he has "lost his trust" for the undersigned to properly judge plaintiff's civil rights case. (ECF No. 41 at 2.) Liberally construed, it appears his loss of trust is based on the rulings issued by the undersigned in this case, as well as plaintiff's prior habeas action. The relevance of plaintiff's reference to filing fees is not clear. Finally, plaintiff appears to argue that because Judge Mueller was assigned this case on June 2, 2021, she should take over the handling of this case. (ECF No. 41 at 2; see ECF No. 6.)

////

////

////

1

A. <u>Legal Standards</u>

Federal law provides that a party may seek recusal of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" <u>Mayes v. Leipziger</u>, 729 F.2d 605, 607 (9th Cir. 1984) (quoting <u>United States v. Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source because a judge's previous adverse ruling alone is not sufficient for recusal.  <u>See</u> <u>id.</u>

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter.  <u>See</u> 28 U.S.C. § 144; <u>United States v. Sibla</u>, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter.  <u>See</u> <u>United States v. Scholl</u>, 166 F.3d 964, 977 (9th Cir. 1999) (citing <u>Toth v. Trans World Airlines, Inc.</u>, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)).  If the affidavit is legally insufficient, then recusal can be denied.  <u>See</u> <u>United States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 566 (9th Cir. 1995).

////

B. Discussion

Plaintiff's request is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). The gravamen of plaintiff's motion is that he has "lost trust" in the undersigned's rulings, but he identifies no extrajudicial source to support a claim for bias or prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Therefore, plaintiff's motion to recuse the undersigned is denied.

II. Motion for Case Reassignment

On August 5, 2021, plaintiff filed a request that Judge Mueller take Wren v. Gamboa, No. 1:21-cv-0753 SKO (E.D. Cal.). Plaintiff asks the court to look at Wren v. Thunder Valley Casino, No. 1:21-cv-0901 DAD EPG (E.D. Cal.), which is closed. Plaintiff may have filed his request in this case because Judge Mueller is the assigned district judge. However, plaintiff is advised that any request for court action in Gamboa must be filed in that action. Because plaintiff's request was not filed in the proper action, the undersigned strikes the filing.

////

////

////

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 41) is denied; and

2. The Clerk of the Court is directed to strike plaintiff's August 5, 2021 motion and terminate the motion.

Dated: September 16, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wren0903.recu