UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN MULE CREEK PRISON, et al.,<br><br>Defendants. | No. 2:21-cv-0903 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On July 28, 2021, plaintiff filed an amended complaint. As discussed below, the undersigned recommends that plaintiff's amended complaint be dismissed without leave to amend.

I. Background

Plaintiff filed this action in the Fresno Division of this court. On May 19, 2021, the action was transferred to the Sacramento Division of the Eastern District because most of plaintiff's claims involved alleged violations while housed at Mule Creek State Prison, located in Amador County, which is within the venue of the Sacramento Division.

On June 29, 2021, the undersigned screened the original complaint, and dismissed the complaint with leave to amend. (ECF No. 19.) The undersigned also disregarded the petition for writ of habeas corpus filed by plaintiff on June 14, 2021, directing the clerk to return the original

1

1  document to plaintiff. (ECF No. 19 at 3-4.) Despite bearing the instant case caption, he included
2  a case number from a Ninth Circuit appeal and referred to the document as his opening brief "to
3  be filed July 26, 2021." (ECF No. 13 at 1.) Yet on June 25, 2021, the appellate court affirmed the
4  district court's decision. (ECF No. 19 at 3, citing <u>Wren v. Ndoh</u>, No. 20-16571 (9th Cir.).) In
5  addition, the undersigned struck the proposed amended complaint filed on June 14, 2021, because
6  it was a copy of plaintiff's complaint filed in <u>Wren v. Gamboa</u>, No. 1:21-cv-0753 SKO (E.D.
7  Cal.). (ECF No. 19 at 4.)
8    On July 1, 2021, plaintiff's proposed amended complaint (ECF No. 18), which crossed in
9  the mail with the court's initial screening order, was dismissed with leave to amend. (ECF No.
10 24.)
11   On July 15, 2021, plaintiff filed another proposed amended complaint. (ECF No 30.)
12   On July 19, 2021, plaintiff's proposed amended complaint (ECF No. 25) was dismissed,
13 and plaintiff was granted one final opportunity to file an amended complaint that complied with
14 court orders. (ECF No. 32 at 2.)
15   On July 27, 2021, plaintiff's motions to amend were denied as moot in light of the July
16 19, 2021 order. (ECF No. 38.) Plaintiff was granted another thirty days in which to file a
17 proposed amended complaint. (<u>Id.</u>)
18   On July 28, 2021, plaintiff filed a proposed amended complaint. (ECF No. 39.)
19 II. <u>Screening the Proposed Amended Complaint</u>
20   Because plaintiff's recent proposed amended complaint supersedes his previous amended
21 complaint,[1] the court now screens plaintiff's July 28, 2021 proposed amended complaint.
22   A. <u>Screening Standards</u>
23   The court is required to screen complaints brought by prisoners seeking relief against a
24 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
25 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

---

[1] Plaintiff's amended complaint filed July 15, 2021, also failed to state a cognizable civil rights claim because it again focused on the alleged deprivation of checks out of the mail room. (ECF No. 30.)

2

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3  This includes claims based on legal conclusions that are untenable, like claims of infringement of
4  a legal interest which clearly does not exist.

5       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
7  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
10 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
11 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
12 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
13 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
14 1227.

15      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
16 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
17 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
18 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
19 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
20 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
21 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
22 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
24 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
25 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
26 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
27 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
28 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

B. Plaintiff's Allegations

The amended pleading is difficult to parse because plaintiff included numerous arguments concerning the exhaustion of administrative remedies, legal authorities, and objections to the transfer of his prior case (1:21-cv-0805 HGB) to the Sacramento Division, and the assignment of his case to a magistrate judge. That said, plaintiff appears to pursue the following two claims.

In his first claim, plaintiff marked the box "excessive force by an officer," and alleged that defendants Rodger and Ligarza forced plaintiff and his co-defendant to go to the hot box while handcuffed. (ECF No. 39 at 4.) Plaintiff claims the "cops listed walked" plaintiff and his co-defendant Hermin hermit White Eagle John Crosses Couzen to the box where they got burnt. (ECF No. 39 at 8.) Plaintiff alleges that it is wrongful conduct to burn or heat a prisoner to burn a shoulder to raw flesh. (ECF No. 39 at 8.) He claims he was burnt and suffered emotional damage.

In his second claim, plaintiff alleges that officers took two $4800.00 checks out of the mail room. (ECF No. 39 at 10.) Plaintiff claims this is fraud, theft or embezzlement.

As relief, plaintiff seeks release from prison, referencing his "pre-granted federal § 2254, 2:19-cv-0251 WBS KJN P." (ECF No. 39 at 11.) He also asks to get his $4800.00 checks returned, and "start a $60,000.00 fund for "court and investigation." (ECF No. 39 at 11.) "First, "I['d] rather get out of prison." (Id.)

C. Discussion

On June 28, 2021, plaintiff was provided the elements for pursuing a claim of excessive force.[2] (ECF No. 19 at 7.) Plaintiff again failed to allege facts addressing all of the elements of an Eighth Amendment excessive force claim with regard to each named defendant and devoid of

---

[2] "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate. . . the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

factual circumstances surrounding plaintiff's claim.  Plaintiff's statements as to defendants Ligarza and Rodgers are insufficient, standing alone, to state an excessive force claim.  Plaintiff included no specific charging allegations as to the other two named defendants:  Brunkner or Bunker and Nelson, Jr.

Despite being granted multiple opportunities to amend, plaintiff's allegations again fail to state a cognizable excessive force claim.

Plaintiff's second claim also fails because, as plaintiff was previously informed, plaintiff may not seek return of monies through a federal civil rights action.  (ECF No. 19 at 6-7; 32 at 1.)  Plaintiff's second claim is legally frivolous.

Finally, plaintiff again sought release from prison.  The undersigned has repeatedly informed plaintiff that he cannot obtain release from prison through a civil rights action.

> Release from custody is not an available remedy for an Eighth Amendment violation.  Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from custody is not an available remedy under the Civil Rights Act").  Rather, habeas is the "exclusive remedy" for inmates who seek "'immediate or speedier release'" from confinement.  Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).

(ECF No. 19 at 9; See also ECF No. 32 at 2.)  Despite such admonitions, plaintiff continues to seek such unobtainable relief in this civil rights action.[3]

III. Leave to Amend?

On July 19, 2021, plaintiff was granted one final opportunity to file an amended complaint that complied with the court's prior screening order, and the July 19, 2021 order.  (ECF No. 32 at 2.)  Plaintiff was cautioned that if he failed to comply with the court's orders, the undersigned would recommend that this action be dismissed based on such failure.  (ECF No. 32 at 2, citing Fed. R. Civ. P. 41(b)).  Despite such admonitions, plaintiff included his legally frivolous property claim, and again sought release from state prison.

The undersigned has carefully considered whether plaintiff may amend his pleading to

---

[3] Contrary to plaintiff's claim in the relief section of his pleading, his petition for habeas relief was dismissed as untimely, and such decision was affirmed on appeal.  Wren v. Ndoh, D.C. No. 2:19-cv-0251 WBS KJN (E.D. Cal.) (ECF No. 165); No. 20-16571 (9th Cir. June 25, 2021).

state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious deficiencies of the last proposed amended complaint as noted above, the nature of his conclusory allegations, and the fact that he has already filed four proposed amended complaints and continued to include claims that are not cognizable and sought unobtainable relief, the court finds that it would be futile to grant plaintiff further leave to amend.

IV. Orders and Recommendations

Accordingly, in order to clarify the court record, IT IS HEREBY ORDERED that the Clerk of the Court shall edit the entries for plaintiff's proposed amended complaints, as follows:

ECF No. 25 is plaintiff's second amended complaint;

ECF No. 30 is plaintiff's third amended complaint; and

ECF No. 39 is plaintiff's fourth amended complaint.

Further, IT IS RECOMMENDED that:

1. Plaintiff's proposed fourth amended complaint (ECF No. 39) be dismissed without leave to amend as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1); and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////
////
////

6

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 16, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wren0903.56